**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHARLES LEBLANC,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2385-HE** |
| | ) | |
| **KELLIE DAVIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a *pro se* state prisoner, has filed a petition for habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He has also filed an Application for Leave to Proceed *In Forma Pauperis* ("IFP," without prepaying fees or costs). (Doc. 5). United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). (Doc. 3).

The filing fee for an application for a writ of habeas corpus is $5.00. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing a district court order denying an IFP application for an abuse of discretion); *Cabrera v. Horgas*, 1999 WL 241783, at *1 (10th Cir. 1999) ("The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court.").

Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). "[T]o succeed on

a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).

Having reviewed the Application, the undersigned finds that Petitioner has sufficient financial resources to pay the filing fee, as his institutional account has a current balance of $145.51, (Doc. 5, at 3), and maintains an average monthly balance of $149.23, (*id*. at 4). Because he does not qualify for authorization to proceed without prepayment of the filing fee, Petitioner's Application should be **denied**, and he should be required to pay the full filing fee for this action to proceed.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court deny Petitioner's Application for Leave to Proceed IFP, (Doc. 5). The undersigned further recommends that if Petitioner does not pay the $5.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to the refiling. LCvR 3.3(e).

**Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 4, 2021,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 13th day of November, 2021.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE